UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARCH SPECIALTY INS. CO.** a/s/o 2633 NAPOLEON LIMITED PARTNERSHIP | **CIVIL ACTION** NO. 12-2047 C/W NO. 13-5336 |
| **VERSUS** | C/W NO. 13-6117 |
| **C&G CONSTRUCTION ON LOUISIANA, INC.** | **SECTION "K"(3)** |

**PERTAINS TO 13-5336**

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Houston Specialty Insurance Company ("HSIC") (Doc. 103) whereby it seeks a judgment declaring that R.C.I.S., Inc. ("RCIS") is not an insured under the HSIC commercial general liability policy ("CGL policy") issued to C&G Construction of Louisiana, Inc. ("C&G"). It contends there is no coverage provided because: (1) RCIS is not an employee, agent, project manager or representative of C&G; and (2) RCIS is not an additional insured under the HSIC CGL policy issued to C&G. For the reasons that follow, the Court finds that there are material questions of fact which preclude the relief sought.

**Background**

This case arises out of a renovation project undertaken by C&G at Suite 805, 2633 Napoleon Avenue, New Orleans, Louisiana. On October 14, 2011, C&G contracted with RCIS to perform certain demolition work on the project. Randy Cramer who is the Vice President of RCIS allegedly oversaw the performance of certain demolition work between October 19 and 20, 2011, which allegedly caused catastrophic water damage throughout a large part of the building

sometime between Friday October 21, 2011 and Saturday October 22, 2011.  Indeed, this event has spawned three lawsuits in this court as well as a number of separate state court suits filed in Civil District Court for the Parish of Orleans.

The instant suit was lodged by C&G's insurer, HSIC, concerning whether coverage is provided to RCIS under HSIC Policy No. HSLR18-00306-00.  The coverage issue presented centers on whether RCIS is an "employee, agent, project manager or representative of C&G" and whether RCIS is an additional insured under this same policy.  Determinations concerning coverage in this instance hinge on highly contested facts concerning Randy Cramer's status in the performance of this work.  RCIS maintains that work undertaken on October 19 and 20, 2011 was performed as a subcontractor to C&G, but a walk through with the plumber and the electrician who were to provide bids to C&G for their services, which occurred on October 21, 2011, was done on a voluntary basis and as such those actions were done as C&G's agent.  These allegations are supported by the affidavit and accompanying documents of Randy Cramer which constitute competent evidence creating material questions of fact.  Because of the causation issues and the interlocking nature of these lawsuits, as well as the possibility that there could be coverage based on other provisions in the subject  policy, the motion is without merit.  Accordingly,   **IT IS ORDERED** that  Motion for Summary Judgment filed by Houston Specialty Insurance Company ("HSIC") (Doc. 103) is **DENIED**.

New Orleans, Louisiana, this 23rd day of July, 2014.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE 1