UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARCH SPECIALTY INS. CO. a/s/o 2633 NAPOLEON LIMITED PARTNERSHIP<br><br>VERSUS<br><br>C&G CONSTRUCTION ON LOUISIANA, INC. | CIVIL ACTION<br><br>NO. 12-2047<br>C/W NO. 13-5336<br>C/W NO. 13-6117<br><br>SECTION "K"(3)<br><br>PERTAINS TO 13-6117 |

## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment of American Automobile Insurance Company. (Doc. 132). American Automobile Insurance Company ("American Automobile") seeks judgment on its First Amended Complaint for Recision and Declaratory Judgment and on its Cross-Claim for Rescission and Declaratory Judgment with respect to an errors and omissions policy issued to William Sacks Insurance. Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court finds that this motion has been filed prematurely; there are material questions of fact at issue. As such, the motion will be denied.

**Salient Background**

This case is one of three consolidated suits brought concerning a renovation project at the Napoleon Medical Building. C&G Construction of Louisiana Inc. ("C&G") was hired by tenants of the building to refurbish certain offices. The contract included the performance of demolition work that C&G sub-contracted R.C.I.S., Inc. to do. It is contended that on October 21, 2011, RCIS, Inc. caused catastrophic flooding to the building when it performed that work.

C&G had been provided with a Certificate of Insurance ("COI") as to RCIS as an additional insured on its policy. That COI was issued by William Sacks, d/b/a William Sacks Insurance ("Sacks Insurance") and indicated that Republic-Vanguard Insurance Company ("Republic-Vanguard") was providing the required general liability coverage to R.C.I.S. effective July 28, 2011 to July 28, 2012. C&G allegedly allowed RCIS to begin the demolition work in reliance on that COI.

On October 27, 2011, Sacks Insurance received notice of the claims asserted against C&G and RCIS. It advised that the policy identified in the COI had never been issued by Republic Vanguard and that it had so informed C&G of the cancellation by fax on September 7, 2011. As attested to by William Sacks, "Upon determining [Republic Vanguard] was in fact declining RCIS for the coverage listed on the COI, [his] office immediately notified RCIS and/or C&G of this fact on or about September 7, 2011)." (Rec. Doc 140-1, ¶ 9). Thus, Sacks Insurance allegedly had reason to believe that it had put these parties on notice that the insurance for which the COI had issued was not being provided. C&G and RCIS vehemently deny ever receiving this notification. Thus, C&G seeks recompense from Sacks Insurance and William Sacks for any and all amounts for which C&G is found liable to Arch.

In addition, Sacks Insurance contends that after that October 27, 2011 communication stating that there was no Republic-Vanguard policy in place, it was not contacted about this matter at any point between the fall of 2011 and some point after October of 2012. (Doc. 140-2, ¶13). Sacks applied for the E&O policy on October 3, 2012, through CITA Insurance Services, which is located in Orange, California, and responded to questions that indicated that Sacks Insurance had no E&O claims in the past 5 years and that it had no knowledge of any potential error or omissions. A policy issued.

Thus, William Sacks and Sacks Insurance seek defense and indemnity for these claims under a policy issued by American Automobile. In addition, C&G and R.C.I.S. also seek recompense.  American Automobile contends that the above-noted answers submitted by Sacks Insurance constitute material misrepresentations made in its application for the policy and as such American Automobile is entitled to rescission, or in the alternative a declaration that the policy does not provide coverage for the instant claims.   Clearly, in order to determine these matters, this Court must determine what law it should apply.

**Choice of Law**

The jurisdiction of this Court as to this suit lies in diversity jurisdiction. "Federal courts sitting in diversity apply the choice-of-law rules of the forum state to identify the substantive law that applies."  *McGee v. Arkel Intern. LLC,* 671 F3d 539, 542 (5th Cir. 2012) citing  *Ellis v. Trustmark Builders, Inc.,* 625 F.3d 222, 225 (5th Cir. 2010).  As Louisiana is the forum state, the Court must look to the conflict of law provisions found in the Louisiana Civil Code.

Article 3537 provides the general rule in the context of conventional obligations and states:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

La. Civ. Code art. 3537.

Article 3515 provides:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

RCIS and C&G are Louisiana corporations with their principal places of business in Louisiana. American Automobile is a Missouri corporation with its principal place of business in California. Sacks Insurance is a citizen of Illinois. American Automobile maintains that Illinois law should apply. RCIS, C&G and Sacks contend that it is premature to make that determination.

This motion was filed before any significant discovery was conducted. The facts needed to undertake the balancing tests required under these Louisiana code articles have not been presented because the parties agreed to forego discovery in an attempt to mediate this matter. For instance, the Court has not been provided with information concerning whether American Auto or CITA were aware that Sacks would issue policies to Louisiana insureds and whether that impacted the terms, including the price, of the policy issued to Sacks. Without facts upon which the Court can undertake the necessary analysis, the Court is in no position to take up this motion as it cannot determine whether the law of Louisiana or of Illinois should apply.

**Question of Fact**

Moreover, either under Louisiana or Illinois law, a material misrepresentation is required for recision. Based on the affidavit of William Sacks and his attestation that he or his company

informed C&G and/or RCIS that the referenced Republic-Vanguard policy was not in place on September 7, 2011, prior to the incident, there is a question of fact as to whether there was a misrepresentation made on the record before the Court at this time. Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment of American Automobile Insurance Company. (Doc. 132) is **DENIED**.

New Orleans, Louisiana, this 28th day of January, 2015.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE** 1