UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARCH SPECIALTY INS. CO. a/s/o 2633 NAPOLEON LIMITED PARTNERSHIP | CIVIL ACTION NO. 12-2047 C/W NO. 13-5336 |
| VERSUS | C/W NO. 13-6117 |
| C&G CONSTRUCTION ON LOUISIANA, INC. | SECTION "K"(3) |
| | PERTAINS TO 12-2047 |

## ORDER AND REASONS

Before the Court is William M. Sacks d/b/a William Sacks Insurance's Motion for Summary Judgment (Doc. 187) wherein William M. Sacks d/b/a William Sacks Insurance ("Sacks") contends that the claims asserted by C&G Construction of Louisiana, Inc. and/or its subrogee, Houston Specialty Insurance Company (Collectively, "C&G") and RCIS, Inc. ("RCIS") against Sacks are perempted under Louisiana law and must be dismissed with prejudice. Having reviewed the pleadings, memoranda, exhibits, and the relevant law, the Court finds that the motion is without merit for the reasons that follow.

**Background**

The background of this matter has been the subject of a number of motions and a plethora of litigation in both this Court and in state court. The loss involved was the result of a catastrophic water leak in the building located at 2633 Napoleon Avenue which occurred when C&G was performing renovation work in Suite 805 thereof. C&G had subcontracted the demolition portion of the job to RCIS. In doing so, it required proof of insurance as additional insured on the Comprehensive General Liability Policy of RCIS.

On September 6, 2011, William Sacks Insurance issued a Certificate of Insurance to RCIS which listed C&G as a certificate holder of a policy issued by Republic Vanguard Insurance, Policy No. RGLI112807-1, with effective dates of July 28, 2011 through July 28, 2012.. The Certificate of Insurance was apparently prepared by Al Jury who was the sole employee of William Sacks Insurance and sent to RCIS which was in turn was presented to C&G and upon which C&G relied in awarding the job to RCIS.  In short, the certificate was bogus.

On October 22, 2011, the water accident incident occurred.  C&G contended that RCIS had caused it and sought coverage from RCIS' insurer.  RCIS sent an email to an email address utilized by William Sacks Insurance notifying the company of the loss so that it could contact the general liability carrier. Exh. H to Aff. of Robert A. Chaney (ECF No. 132-11, at p. 13).   On October 25, 2011, C&G contacted Sack's office concerning the incident, requesting an adjuster as soon as possible as the incident interrupted business and C&G was "trying to avoid a lawsuit." *Id.* (ECF No. 132-11 at 14).  The response from William Sacks Insurance was in essence that no policy was issued to RCIS that coincided with the COI.

On **October 20, 2012,** C&G filed a third party demand naming "William Sacks Insurance" in paragraph 2 of the Third Party Demand.  (Doc. 12)   The relevant paragraphs for purposes of this motion read:

2.

Third party plaintiff, C&G Construction of Louisiana, Inc. expressly denies that it is liable to the plaintiff (sic) in the main demand; however, in the event that plaintiffs are successful in the main demand, third party plaintiff asserts the following Third Party Demand, and alleges it is entitle to full legal and/or contractual indemnity, contribution and/or reimbursement from the third-party defendant, RCIS, Inc., Republic Vanguard Insurance, **William Sack Insurance**

2

and XYZ Insurance Company **as set forth more specifically in the following paragraphs.**

3.

Named defendants to this Third Party Demand are:

. . .

 c. William Sacks Insurance, **a foreign corporation authorized to do and doing business in the state of Louisiana.**

Throughout the rest of the Third Party Demand, this defendant is referred to as William Sacks Insurance.  Summons on William Sacks Insurance was issued on October 22, 2012, to be served on "William Sacks Insurance, 1730 Elm Avenue, Northbrook, IL 60062." (Doc. 16).  William Sacks personally signed and accepted service of the certified summons and third party demand on October 29, 2012 at that address which serves as William Sacks' home address as well as the principal place of business for his insurance agency, William a Sacks Insurance (Doc. 203-4 at 3-4 of 6).  Summons was returned as executed and entered on the docket on December 14, 2012,

On December 28, 2012, an Ex Parte Motion for Entry of Default as to William Sacks was filed (Doc. 27) and entered by the Clerk of Court on January 8, 2013.  On January 15, 2013, C&G filed a Motion and Order for Leave to File a First Amended Third Party Demand and Incorporated Memorandum in Support (Doc. 32) which motion was granted on **January 18, 2013 (Doc. 34)**.  In that motion, C&G opined that when it filed its Answer to Complaint and Third Party Demand, upon information and belief, it identified William Sacks Insurance and named it as "a foreign corporation authorized to do and doing business in the State of Louisiana." It continued:

3

>It has since come to undersigned counsel's attention that William Sacks Insurance is not licensed to operate as a corporation in the State of Louisiana but as an individual producer by the Louisiana Department of Insurance as William M. Sacks.  As such, pursuant to Federal Rule of Civil Procedure 15(c), C&G Construction request leave to amend its Third Party Demand, substituting William M. Sacks as the proper party in place of William Sacks Insurance, and to properly name and serve William M. Sacks.  Since C&G Construction filed its Third Party Demand none of the name parties have yet responded, including William Sacks Insurance.  **Leave to file the attached First Amended Third Party Demand is necessary to correctly name and serve the proper party in order to obtain a final complete resolution of all claims and remedies available to all parties and for the Court to make proper legal determination of liability in this matter.**

(Doc. 32 at 2 of 3) (emphasis added).

The matter was placed on a call docket on July 31, 2013 as service had not been made on William M. Sacks personally.  On August 1, 2013, a Request for Extension of Time (Doc. 48) was filed by C&G and in the motion, counsel noted that Mr. Sacks had been served personally in the three related state court proceedings in February and March of 2013, but counsel had "inadvertently failed to serve the instant Amended Third Party Demand at that time."   The Court granted this motion as provided for under Fed. R. Civ. P. 4(m).  (Doc.Summons issued for Mr. Sacks  and was returned as executed on **March 20, 2013. (Doc. 51**).

More than two years later, Mr. Sacks filed the instant motion for summary judgment in which he contends that these claims against him are perempted based on Rev. Stat. La. 9:5606. This statute provides that no action against any insurance agent or broker arising out of an engagement  to provide insurance services:

>shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year

4

>from the date of such discovery, in all events such actions shall be filed at the latest withing three years form the date of the alleged act, omission, or neglect.

La. Rev. Stat. 9:5606(a).  Subsection D of the statute provides that these periods of limitation are peremptive periods "within the meaning of La. Civ. Code 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended."

Relying primarily on *Naghi v. Brener*, 17 So.3d 919 (La. 2009), Sacks contends that because in the October 20, 2012 pleading, C&G named as third-party defendant "William Sacks Insurance" as a "foreign corporation" which is a non-existent entity, nothing was filed that would interrupt timely the peremptive period.  In *Naghi*, a legal malpractice suit arising out of an attorney's alleged failure to pursue a claim timely for a fire that occurred on **October 26, 2005**, was brought on **December 7, 2006** by two individuals concerning property owned by a corporation of which they were shareholders.  The defendant filed a partial exception of no right of action and summary judgment based on the contention that the property at issue was owned by the corporation and thus the two individuals had no right of action for damage to the property.  The exception was granted and they were given 10 days to amend their pleadings.  On **March 12, 2008,** a year and three months later, plaintiffs filed the amending petition.  The defendant then filed another exception contending that the claims asserted were perempted under la. Rev. Stat. 9:5605 which contains peremptive provisions analogous to section 5606.

In that case, the Louisiana Supreme Court held:

>The one and three-year periods for filing a legal malpractice suit under La. Rev. Stat. 9:5605 are peremptive time periods.  Peremption differs from prescriptive in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running

> of a peremptive time period. La. C.C.P. art. 1153[1] would avoid the operation of the peremptive time period by allowing a pleading filed after the expiration of the period to relate back to the filing of an original and timely filed petition. Because the avoidance of the time period interferes with the running of that time period, relation back of a petition adding a new plaintiff is not permitted where the time period involved is peremptive. Further, because the expiration of a peremptive time period destroys the case of action, there is nothing for an amended or supplemental petition to relate back to under La. C.C.P. art. 1153. Because the plaintiffs in this case did not file suit in the name of the proper party plaintiff before the peremptive time period of La. R. S. 9: § 5605 had expired, the First Supplemental/Amending Petition attempting to do so cannot relate back to the original petition under La. C.C.P. art. 1153. Therefore, the defendant's exception of peremption should have been granted.

*Id.* at 926.

Using this analysis, because C&G did not name William Sacks personally as an individual producer licensed by the Louisiana Department of Insurance until after the year peremptive period ran, that being on January 18, 2013, Sacks contends that the case against him is perempted as suit was filed against a non-existent entity. In response, C&G contends that because it used a trade name throughout the body of the pleading, irrespective of the fact that it described the entity as a corporation, the motion is without merit.

**Analysis**

While the Louisiana Supreme Court has found that La. Code Civ. P. art. 1153 will not operate to suspend peremption, the question presented is whether Rule 15(c) of the Federal Rules of Civil Procedure would operate in the same manner. The Fifth Circuit has stated that "Rule 15(c)'s relation back doctrine, though it has the ultimate effect of "tolling" limitations, is

[1]Article 1153 of the Louisiana Code of Civil Procedure provides "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."

considered by this court to be purely procedural and is thus governed by federal law." *Kansa Reins. Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1367 n.4 (5th Cir. 1994) citing *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir.), *cert. denied*, 493 U.S. 851, (1989) ("[F]ederal law regarding relation back of amendments to pleading is controlling in diversity cases in federal court.); *Fassbender v. Louisiana Citizens/First Section Premium Ins.*, 2011 WL 2610955 (E.D.La. July 1, 2011)(Englehardt, J.).  As one commentator explained:

> [T]here are strong federal interests encouraging the application of Rule 15(c), even at the expense of state relation-back law.  For example, using the federal rule maintains the uniformity of practice in the federal courts, and furthers the goal of deciding cases on their merits, rather than on the basis of procedural errors or the technical expiration of the applicable limitations period.  Furthermore, the availability of relief under Rule 15(c) is closely related to the federal policies in favor of simplified pleadings, liberal amendments, easy joinder of parties and claims, and broad discovery.

Charles Wright, Arthur Miller, Mary Kay Kane, 6A *Federal Practice and Procedure*, § 1503 at 239  (2010).  Clearly, considering the facts at issue, these interests are manifest herein.

Rule 15(c) provides:

**(C) Relation Back of Amendments.**

    **(1)**    *When an Amendment Relates Back.*  An amendment to a pleading relates back to the date of the original pleading when:
        **(A)**    the law that provides the applicable state of limitations allows relation back;
        **(B)**    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
        **(C)**    The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

>> **(I)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Court finds that the First Amended Third Party Demand substituting "William M. Sacks, a resident of Illinois doing business in the State of Louisiana as an individual insurance producer" for William Sacks Insurance fits precisely within the provisions of Fed. R. Civ. P. 15(c)(3). The amendment (1) changes the naming of the party against whom a claim is asserted, (2) that amendment asserts a claim that arose of out of the identical conduct, transactions and occurrences that are set forth or more precisely were attempted to be set out in the original Third Party Demand, (3) William Sacks had received such notice within the period provided by Rule 4(m) notice of that he will not be prejudiced in defending on the merits; and (4) he clearly knew or should have known that the action would have been brought against him, but for a mistake concerning the proper party's identity.

As such, the Court finds by operation of Fed. R. Civ. P. 15(c), the amendment relates back and the claims against William M. Sacks are not perempted. Accordingly,

**IT IS ORDERED** that William M. Sacks d/b/a William Sacks Insurance's Motion for Summary Judgment (Doc. 187) is **DENIED.**

New Orleans, Louisiana, this 18th day of August, 2015.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**